UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL H. MARTINEZ,<br><br>　　　　　Plaintiff,<br>　v.<br>GENERAL MOTORS LLC,<br><br>　　　　　Defendant. | No. 2:25-cv-07208-AJR<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DKT. 15)** |

## I.

## INTRODUCTION

On March 19, 2025, Plaintiff Miguel H. Martinez ("Plaintiff") filed a complaint (the "Complaint") alleging violations of California's Song-Beverly Consumer Warranty Act and the federal Magnuson-Moss Warranty Act in the Los Angeles County Superior Court against Defendant General Motors LLC ("Defendant"). (Dkt. 1-1.) On March 24, 2025, Plaintiff effectuated service of the Complaint on Defendant. (Dkt. 15-1 at 6.) On May 8, 2025, Defendant filed an Answer in the Los Angeles County Superior Court. (Dkt. 1-2.) On August 5, 2025, Defendant filed a Notice of Removal of the action to the U.S. District Court for the Central District of California (the "Notice of Removal"). (Dkt. 1.)

On August 29, 2025, Plaintiff filed a Motion to Remand (the "Motion to Remand") this action to the Los Angeles County Superior Court. (Dkt. 15.) On September 24, 2025, Defendant filed an Opposition to the Motion to Remand (the "Opposition"). (Dkt. 18.) On October 1, 2025, Plaintiff filed a Reply in Support of the Motion to Remand (the "Reply"). (Dkt. 19.) On October 10, 2025, Defendant filed a Notice of Supplemental Authority. (Dkt. 20.) Also on October 10, 2025, Defendant filed a Notice of Errata Regarding the Opposition (the "Notice of Errata"). (Dkt. 21.)

The parties have consented to the jurisdiction of the undersigned U.S. Magistrate Judge. (Dkt. 6.) For the reasons stated below, the Court DENIES Plaintiff's Motion to Remand. (Dkt. 15.) Because the Court has determined that the Motion to Remand must be denied, the Court will also issue a separate scheduling order. (Dkt. 17.)

## II.
## LEGAL STANDARD

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original subject matter jurisdiction where an action presents either a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Generally, a court has diversity jurisdiction only when there is complete diversity of citizenship among adverse parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Remand to state court may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. See 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) ("It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal quotation marks and brackets omitted)). If there is any doubt as to whether removal is proper, remand must be ordered. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." Id.

## III.

## RELEVANT ALLEGATIONS IN THE COMPLAINT

Plaintiff's Complaint alleges four causes of action under the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1791, *et seq.*, and one cause of action under the federal Magnuson-Moss Warranty Act arising out of his November 13, 2020 purchase of a 2021 Chevrolet Silverado 1500 (the "Subject Vehicle"). (Dkt. 1-1 at 11-15.)[1] Specifically, Plaintiff alleges causes of action for violations of California Civil Code §§ 1793.2(d), 1793.2(b), 1793.2(a)(3), breach of the implied warranty of merchantability, and violation of the federal Magnuson-Moss Warranty Act. (Id.) Plaintiff alleges that he is a resident of the State of California. (Id. at 11.) Plaintiff further alleges that Defendant is a corporation organized under the laws of Delaware and registered to conduct business in California. (Id.)

Plaintiff alleges that during his ownership, "the Subject Vehicle manifested

---

[1] The Court notes that Plaintiff's Complaint, filed herein as an attachment to Defendant's Notice of Removal does not contain consecutive page numbers. (Dkt. 1-1.) Thus, the Court uses the CM/ECF page numbers when referencing specific pages of the Complaint.

3

defects covered by Defendant's express written warranties" including, but not limited to, "infotainment and engine defects." (Id. at 12.) Plaintiff further alleges that he "delivered the Subject Vehicle to Defendant and/or authorized service and repair facilities for diagnosis and repair of the defects. (Id.) Plaintiff alleges that "Defendant and/or its authorized service and repair facilities failed to service or repair the Subject Vehicle to conform with the applicable express warranties after a reasonable number of opportunities to do so." (Id.)

Plaintiff seeks actual, equitable, statutory, incidental, and consequential damages. (Id. at 16.) Plaintiff alleges that Defendant's conduct was willful and therefore seeks civil penalties of up to two times the amount of actual damages. (Id. at 12-14, 16.) Finally, Plaintiff seeks attorneys' fees and costs, prejudgment interest, and other relief as the Court may deem proper. (Id. at 16.)

## IV.
## DEFENDANT'S NOTICE OF REMOVAL

Defendant removed the action based on diversity jurisdiction under 28 U.S.C. § 1332 and 1446. (Dkt. 1 at 2.) Defendant points to the allegation in the Complaint that Plaintiff is a resident of California. (Id. at 3.) Defendant then states that its "preliminary investigation also concluded that Plaintiff resided in California when he purchased the [S]ubject [V]ehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship." (Id.) Defendant states that it is a Delaware corporation with its principal place of business in Michigan, and therefore is a citizen of both Delaware and Michigan for purposes of jurisdiction. (Id. at 3-4.)

With regard to the amount in controversy, Defendant points to the language in the Complaint seeking recission of the contract, damages under the California Commercial Code, civil penalties in the amount of two times Plaintiff's actual damages, consequential and incidental damages, attorneys' fees, prejudgment

interest, and other relief as the Court may deem proper. (Id. at 4.) Defendant explains that under the Song-Beverly Consumer Warranty Act, a plaintiff's actual damages for breach of warranty are an amount equal to the actual price paid or payable by the buyer less applicable offsets. (Id. (citing Cal. Civ. Code §§ 1793.2(d)(2)(B), 1794(b)).) Defendant estimates the purchase price for the Subject Vehicle to be $53,442.28. (Id. at 5.) Defendant further estimates $19,415.95 in total deductions including estimates of mileage offset, third-party service contracts, manufacturer's rebate, and negative equity. (Id.) Thus, Defendant states that its preliminary investigation "yield[ed] a plausible estimate of actual damages of $34,026.33." (Id.)

Defendant states that its "preliminary investigation into the vehicle repair history and related case history revealed that Plaintiff is more likely than not to actually seek civil penalties in this matter, and it would thus be reasonable to include a meaningful amount for civil penalties, tied to the actual damages calculated." (Id.) Defendant further states that based on its "prior experience in similar matters, a reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point in litigation is $5,000." (Id. at 6.) Additionally, Defendant's "assessment is that this case is not likely to resolve and conservatively including fees from work up for even just 6 months post-removal, the amount in controversy more than exceeds the jurisdictional threshold." (Id.) "Considering the combination of actual damages, civil penalties, past, and conservatively calculated future attorney fees," Defendant contends that "the amount in controversy meaningfully exceeds $75,000." (Id.)

## V.

## DISCUSSION

Plaintiff contends that Defendant's Notice of Removal was untimely because the basis for removal was apparent on the face of the Complaint. (Dkt. 15 at 1.) Additionally, Plaintiff contends that Defendant failed to carry its burden on removal

5

of establishing subject matter jurisdiction. (Id. at 2.) By contrast, Defendant contends that neither diversity of citizenship nor the amount in controversy were sufficiently clear from the face of the Complaint and therefore Defendant had no duty to remove the action. (Dkt. 18 at 16-24.) Thus, the resolution of Plaintiff's Motion to Remand turns on whether the grounds for removal were sufficiently clear from the face of the Complaint, and if not, whether Defendant carried its burden on removal to establish subject matter jurisdiction.

For the reasons set forth below, the Court concludes that the grounds for removal were not sufficiently clear from the face of the Complaint and the Notice of Removal was therefore timely. The Court also concludes that Defendant met its burden on removal of establishing subject matter jurisdiction. Therefore, Plaintiff's Motion to Remand is DENIED.

A. **The Grounds For Removal Were Not "Set Forth" On The Face Of Plaintiff's Complaint.**

The Ninth Circuit has explained that there are three pathways for removal of an action from state court. See Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1124 (9th Cir. 2013). The first two pathways are contained in 28 U.S.C. § 1446(b) and impose 30-day deadlines for removal. See Dietrich v. Boeing Co., 14 F.4th 1089, 1093 (9th Cir. 2021). The third pathway is based on reading 28 U.S.C. § 1446 together with 28 U.S.C. § 1441 and permits removal up to one year from the filing of the complaint, but this pathway only applies if the first two do not. See Roth, 720 F.3d at 1125-26.

The first pathway is set forth by Section 1446(b)(1) and states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the

defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1) (emphasis added). The second pathway is set forth by Section 1446(b)(3) and states in relevant part that "if the case stated by the initial pleading is not removable, a notice of removal may be filed <u>within thirty days</u> after receipt by the defendant, through service or otherwise, of a copy <u>of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable</u>." 28 U.S.C. § 1446(b)(3) (emphasis added).

The third pathway is based on the interaction of Section 1446 with Section 1441. See Roth, 720 F.3d at 1125. Section 1441(a) states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit has explained "that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Roth, 720 F.3d at 1125. Thus, "a defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable." Id. at 1123. The only time limit on removal under this third pathway is that a defendant must file the notice of removal within one year of the filing of the complaint. Id. at 1126 (citing 28 U.S.C. § 1446(c)(1) for the one-year time limit).

Here, Defendant removed this action pursuant to the third pathway set forth above after conducting "a preliminary investigation [which] determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly g[a]ve rise to subject matter jurisdiction." (Dkt. 1 at 2.) Defendant contends that it timely

7

removed the action because neither of the 30-day deadlines for removal were triggered and it ultimately removed the action less than one year after the filing of the Complaint. (Id. at 10.) By contrast, Plaintiff contends that Defendant's removal was untimely because service of the Complaint on March 19, 2025 triggered the 30-day deadline to remove the action under the first pathway, 28 U.S.C. § 1446(b)(1). (Dkt. 15 at 1-2.) Specifically, Plaintiff asserts that the 30-day deadline to remove was triggered under Section 1446(b)(1) because the Complaint alleges a Magnuson-Moss Warranty Act claim, providing the Court federal question jurisdiction, and because the threshold requirements for diversity jurisdiction were ascertainable from the face of the Complaint. (Id. at 4-7.) As explained below, the Court concludes that the grounds for removal were not set forth on the face of the Complaint.

### 1. Plaintiff's Magnuson-Moss Warranty Claim Did Not Independently Establish Federal Question Jurisdiction.

First, Plaintiff contends that the grounds for removal were set forth on the face of the Complaint because it alleges an "independent claim under the Federal Magnuson-Moss Warranty Act, [which] formed the bases of federal question jurisdiction when initially filed on March 19, 2025." (Dkt. 15 at 4-5.) However, the Magnuson-Moss Warranty Act states that "[n]o claim shall be cognizable . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). Thus, "[i]n order [to] file a claim in district court under the Magnuson-Moss Warranty Act, the amount in controversy must be at least $50,000." Guerrero v. Mercedes-Benz USA, LLC, 2023 WL 4085975, at *1 (C.D. Cal. June 20, 2023). "There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332." Romo v. FFG Ins. Co., 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005). Thus, Plaintiff's Magnuson-Moss Warranty Act claim did not independently provide

grounds for removal based on federal question jurisdiction because the Complaint still needed to sufficiently allege an amount in controversy of $50,000. As explained below, the Complaint is indeterminate as to the amount in controversy.

### 2. Plaintiff's Complaint Is Indeterminate As To The Amount In Controversy.

As set forth above, the federal Magnuson-Moss Warranty Act requires an amount in controversy of at least $50,000. See 15 U.S.C. § 2310(d)(3)(B). And of course, diversity jurisdiction requires an amount in controversy that exceeds $75,000. See 28 U.S.C. § 1332(a). Plaintiff contends that even though the Complaint does not allege an amount in controversy, Defendant should have been able to determine the amount in controversy from the face of the Complaint because "the make, model, year, and VIN[] were included within the factual bases alleged within the Complaint." (Dkt. 15 at 9.)

However, in Harris v. Bankers Life & Cas. Co., the plaintiff argued that the defendant "should have looked in its files within the first thirty days" to discover that a named defendant whose presence in the suit frustrated complete diversity of citizenship had died, and therefore should have recognized that the case was immediately removable under 28 U.S.C. § 1332(a). Harris, 425 F.3d at 696. The Ninth Circuit rejected this argument in favor of "a bright-line approach" that relies on "objective analysis of the pleadings" instead of asking "whether [a] defendant had subjective knowledge, or whether [a] defendant conducted [a] sufficient inquiry." Id. at 697. Thus, the Ninth Circuit held that materials outside the complaint, even in the defendant's own files, did not trigger the 30-day deadline to remove under the first pathway (28 U.S.C. § 1446(b)(1)). See id.

The Ninth Circuit reinforced the holding and rationale from Harris in Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136 (2013). In Kuxhausen, the Ninth Circuit held that the amount in controversy for removal under the Class Action Fairness Act was not sufficiently clear from the face of the complaint

because the complaint did not allege, "even as an approximation," the value of the other class members' vehicle financing contracts, and instead, alleged only the value of the named class representative's vehicle financing contract. See Kuxhausen, 707 F.3d at 1140-41. The Ninth Circuit relied on Harris to specifically reject the argument "that BMW should have consulted its business records to identify a representative valuation." Id. at 1141. Indeed, the Ninth Circuit explained "that BMW was not obligated to supply information which Kuxhausen had omitted." Id. Thus, the Ninth Circuit concluded that because the complaint did not allege the amount demanded by each of the putative class members, "it fell short of triggering the removal clock under Section 1446(b)." Id.

      The Court concludes that Harris and Kuxhausen are controlling here. Plaintiff's Complaint does not allege the amount in controversy, even by approximation. Instead, the Complaint simply identifies the make, model, year, and VIN of the Subject Vehicle. (Dkt. 1-1 at 11.) The Ninth Circuit has clearly and repeatedly held that this is insufficient to start the removal clock under Section 1446(b) and that Defendant was not required to research its internal files to determine the value of the vehicle contract at issue. See Harris, 425 F.3d at 696-97; Kuxhausen, 707 F.3d at 1140-41; Crystal Fortune v. Gen. Motors, LLC, et al., 2025 WL 2866659, at *3 (C.D. Cal. Oct. 7, 2025) ("In this case, Plaintiff's Complaint does not allege a specific amount in controversy, nor does it allege specific facts that would allow Defendant to make simple calculations to ascertain the amount in controversy issue (like the purchase price of the Vehicle). Under such circumstances and in accordance with Harris and Kuxhausen (and numerous district court opinions within the Ninth Circuit), the Court concludes that service of the summons and complaint did not trigger Defendant's 30-day time period for removal.").

      Plaintiff contends that the Complaint actually does allege the amount in controversy because "both the caption page and accompanying Civil Case Cover Sheet expressly indicated that the claim was being brought under the state court's

unlimited jurisdiction (seeking damages above $35,000.00)." (Dkt. 15 at 9.) However, the caption page and Civil Case Cover Sheet merely indicate that the "Amount demanded exceeds $35,000." (Dkt. 1-1 at 3, 10.) There is no indication of whether the amount demanded is the total amount in controversy, in which case the amount would be too low, or whether this is the amount demanded for actual damages. See Longoria v. Ford Motor Co., 2022 WL 16961482, at *3 (C.D. Cal. Nov. 16, 2022) ("Yet the Civil Cover Sheet for Plaintiff's Complaint did not assert that his 'damages' exceed $25,000: it stated only that the 'amount demanded exceeds $25,000,' and did not specify what this amount includes."). Thus, the Court concludes that the caption page and Civil Case Cover Sheet were insufficient to trigger Defendant's 30-day deadline for removal.[2] See, e.g., id.; accord Cuevas v. Ford Motor Co., 2022 WL 1487178, at *3 (C.D. Cal. May 11, 2022); Carillo v. FCA USA, LLC, 546 F. Supp. 3d 995, 1000–01 (C.D. Cal. 2021). Accordingly, the Court concludes that Defendant's Notice of Removal was timely.

### 2. Plaintiff's Complaint Is Also Indeterminate As to Citizenship.

Even if the Complaint had sufficiently alleged the amount in controversy, which it did not, the Court would still conclude that Defendant's 30-day deadline for removal was not triggered under the first pathway because the Complaint is also indeterminate as to Plaintiff's citizenship. As set forth above, Plaintiff's Complaint only alleges that "Plaintiff is, and at all times relevant herein was, a resident of Madera, California." (Dkt. 1-1 at 11.) However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not residency." Kanter v. Warner-Lambert

---

[2] To trigger the 30-day deadline, all that Plaintiff needed to do was allege the approximate value of the sales contract and facts necessary to calculate the statutory use offset. See, e.g., Larios v. Nissan N. Am., Inc., 2025 WL 2402250, at *4-6 (C.D. Cal. Aug. 16, 2025) (holding that plaintiff sufficiently alleged the amount in controversy to trigger the 30-day deadline for removal because the complaint alleged the approximate value of the sales contract and facts necessary to calculate the statutory use offset).

11

Co., 265 F.3d 853, 857 (9th Cir. 2001). Accordingly, a "natural person's state citizenship is . . . determined by [their] state of domicile, not [their] state of residence." Id. A person is domiciled in a state where they live and intend to remain permanently. See id. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.; see also Weible v. United States, 244 F.2d 158, 163 (9th Cir.1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

Therefore, the Court concludes that Plaintiff's bare allegation of residency was insufficient to trigger Defendant's 30-day deadline for removal on the basis of complete diversity under 28 U.S.C. § 1332.³ See, e.g., Crisp-Stoot v. Wal-Mart Stores, Inc., 2019 WL 1307735, at *2 (C.D. Cal. Mar. 22, 2019) ("[A]n allegation that an individual is a resident of a state is not enough to show that she is a citizen of that state. And because the thirty-day removal clock does not start running until the defendant receives a pleading or other paper that affirmatively reveals that the case is removable, with no need for further investigation, this Court has previously held that information in pleadings or other papers about residence alone is not enough to start the clock." (citations omitted)); accord Brady v. Kohl's, Inc., 2022 WL 4104627, at *2-3 (C.D. Cal. Sept. 7, 2022); Cioffi v. Solomon, 2014 WL 6679555, at *2 (N.D. Cal. Nov. 21, 2014); Tandoc v. U.S. Renal Care, Inc., 2025 WL 1397193, at *3 (C.D. Cal. May 14, 2025); Brinkley v. Monterey Fin. Servs., Inc., 2016 WL 4886934, at *3 (S.D. Cal. Sept. 15, 2016).

In sum, the Court concludes that Defendant's 30-day deadline for removal

---

³ Of course, Plaintiff could have easily put Defendant on notice of the existence of complete diversity by simply alleging his citizenship.

was not triggered under the first pathway because the Complaint is indeterminate as to both the amount in controversy and Plaintiff's citizenship. Thus, the Court concludes that Defendant's Notice of Removal was timely. Accordingly, the Court now turns to the question of whether Defendant has met its burden on removal to establish subject matter jurisdiction.

**B.     Defendant's Notice Of Removal Plausibly Alleges Diversity Jurisdiction.**

Under 28 U.S.C. § 1446(a), a defendant's notice of removal must be signed pursuant to Federal Rule of Civil Procedure 11 and include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." The Supreme Court has explained that where removal is based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC, v. Owens, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is controversy is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Id.

Plaintiff argues in his Motion to Remand that "Defendant's Notice of Removal is procedurally defective as it is untimely," but never actually challenges the accuracy of Defendant's allegations in the Notice of Removal. (Dkt. 15 at 10.) Indeed, under a heading in the Motion to Remand arguing that Defendant "**Has Failed To Establish Subject Matter Jurisdiction**," Plaintiff simply asserts that "Defendant has failed to meet its burden of demonstrating that removal was proper in any respect, as the removal was plainly untimely." (Id. at 11.) This single-sentence assertion constitutes the entire paragraph of argument without any further explanation. (Id.) The only other reference to Defendant not meeting its burden is in the Notice of Motion, where Plaintiff states that "Defendant failed to establish removal is substantively proper." (Id. at 2.)

Plaintiff argues in his Reply that Defendant was required to submit evidence

with its Opposition to support the amount in controversy meeting the jurisdictional threshold because Plaintiff's Motion to Remand contests the amount in controversy. (Dkt. 19 at 5.)  However, this argument was raised for the first time in the Reply and is therefore waived.  See, e.g., Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); Dytch v. Yoon, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) (collecting cases); Rosita M. Stewart v. Gen. Motors LLC, 2025 WL 2848991, at *4 (C.D. Cal. Oct. 7, 2025) ("Plaintiffs have waived this argument by failing to raise it in their initial brief."); accord Watanabe v. Gen. Motors LLC, 2025 WL 2848993, at *4 (C.D. Cal. Oct. 7, 2025).  Regardless, Plaintiff's Motion to Remand does not actually contest the amount in controversy.

Plaintiff contends that he "explicitly raised the issue both in the Notice of Motion and throughout the memorandum." (Dkt. 19 at 5 (citing Dkt. 15 at 2:17; id. at 8:4-9; id. at 9:22-10:8; id. at 10:12-11:7).)  As set forth above, Plaintiff's Notice of Motion states, "Defendant failed to establish removal is substantively proper." (Dkt. 15 at 2:17.)  However, it is unclear what Plaintiff means by the contention that Defendant's removal is not "substantively proper" because Plaintiff failed to support this assertion with any argument or explanation in his brief.[4]  Plaintiff's failure to support this assertion with any argument or explanation violates Local Rule 7-5 and constitutes waiver of the argument.  See C.D. Cal. L.R. 7-15 ("There shall be served and filed with the notice of motion: . . . [a] brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely[.]"); Van Steenwyk v. Van Steenwyk, 2021 WL 4815212, at *16 (C.D. Cal.

---

[4] As set forth above, the only argument in the Motion to Remand about Defendant's burden to establish proper removal is the single-sentence assertion that "Defendant has failed to meet its burden of demonstrating that removal was proper in any respect, as the removal was plainly untimely." (Dkt. 15 at 11.)  This sentence identifies only untimeliness as a defect in the Notice of Removal and does not contest the amount in controversy.  (See id.)

Mar. 23, 2021) ("While the ATA Defendants noticed their intent to move to dismiss this claim, they did not brief the issue in their motion. Dkt. 94 at 1. The ATA defendants have waived the ground by failing to argue it."); Foye v. Victor Valley Medium Cmty. Corr. Facility, 119 F. App'x 871, 872 (9th Cir. 2004) ("The remaining issues raised in Foye's opening brief are waived because they are not supported by specific, cogent argument.").

The remaining portions of the Motion to Remand identified by Plaintiff as contesting the amount in controversy simply do not contest the amount in controversy. (Dkt. 15 at 8:4-9; id. at 9:22-10:8; id. at 10:12-11:7). To the contrary, Plaintiff's Motion to Remand repeatedly argues that the jurisdictional threshold for the amount in controversy is met and was apparent from the facts alleged in the Complaint. (Dkt. 15 at 9 ("Plaintiff emphasizes to the Court Defendant had more than sufficient information at its disposal to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold."); id. ("[I]t follows logically that the restitution amount coupled with the demand for civil penalties and attorneys' fees under the Act, not to mention Defendant's sophistication in the market valuation of the vehicles it manufactures and sells, make it clear that the instant action was removable since Defendant was served with a copy of the Complaint and Summons.").)

Accordingly, the Court concludes that Plaintiff did not challenge the accuracy of Defendant's allegations as to the amount in controversy and therefore Defendant was not required to present evidence to establish that the amount in controversy met the jurisdictional threshold. See Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1228 (9th Cir. 2019) ("In short, Cox alleged the parties' citizenships based on information and belief in its notice of removal. And, because Ehrman asserted a facial, rather than a factual or as-applied, challenge to the notice of removal, those allegations were sufficient. No evidence was required." (citation omitted)); NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 614 (9th Cir. 2016) ("Only upon a

factual attack does a plaintiff have an affirmative obligation to support jurisdictional allegations with proof."). Instead, Defendant was only required to plausibly allege diversity jurisdiction with a "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); see Ehrman, 932 F.3d at 1228.

The Court concludes that Defendant plausibly alleged the grounds for diversity jurisdiction in the Notice of Removal. As set forth above, the Notice of Removal points to Plaintiff's allegation in the Complaint that he is a resident of California. (Dkt. 1 at 3.) The Notice of Removal further states that Defendant's "preliminary investigation also concluded that Plaintiff resided in California when he purchased the [S]ubject [V]ehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship." (Id.) The Notice of Removal states that Defendant is a Delaware corporation with its principal place of business in Michigan, and therefore is a citizen of both Delaware and Michigan for purposes of jurisdiction. (Id. at 3-4.) Thus, the Notice of Removal plausibly alleges complete diversity.[5]

With regard to the amount in controversy, the Notice of Removal states that based on a preliminary investigation, Defendant estimates the purchase price for the Subject Vehicle to be $53,422.28. (Id. at 5.) The Notice of Removal further states that Defendant estimates $19,415.95 in total deductions including estimates of mileage offset, third-party service contracts, manufacturer's rebate, and negative equity. (Id.) Thus, the Notice of Removal states that Defendant's preliminary investigation "yields a plausible estimate of actual damages of $34,026.33." (Id.) The Notice of Removal further alleges that it would be "reasonable to include a

---

[5] Indeed, Plaintiff affirmatively argues that complete diversity exists and was apparent from the face of the Complaint. (Dkt. 15 at 5 ("Defendant incorrectly contends that removal was not triggered by the Complaint because it purportedly fails to establish the amount in controversy and Plaintiff's state of citizenship. The Court should not be misled by Defendant's arguments, which are on their face misleading and unpersuasive." (citation omitted)).)

meaningful amount for civil penalties, tied to the actual damages calculated." (Id.) The Notice of Removal states that based on Defendant's "prior experience in similar matters, a reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point in litigation is $5,000." (Id. at 6.) Finally, the Notice of Removal states that "[c]onsidering the combination of actual damages, civil penalties, past, and conservatively calculated future attorney's fees, the amount in controversy meaningfully exceeds $75,000." (Id.) Thus, the Notice of Removal plausibly alleges that the amount in controversy exceeds the jurisdictional threshold.[6]

In sum, the Court concludes that Plaintiff did not challenge the accuracy of Defendant's allegations as to the amount in controversy and therefore Defendant was not required to present evidence to establish that the amount in controversy met the jurisdictional threshold. The Court further concludes that the Notice of Removal plausibly alleges the existence of subject matter jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000.

### C.     **Plaintiff's Request For Attorneys' Fees And Costs Is Denied.**

Plaintiff seeks an award of attorney's fees and costs for having to bring the Motion to Remand. (Dkt. 15 at 11-12.) However, 28 U.S.C. § 1447(c) only authorizes an award of fees and costs where a court grants a motion to remand. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Here, the Court has determined that it must deny Plaintiff's Motion to Remand. Accordingly, no fees or costs are authorized.

---

[6] Indeed, Plaintiff affirmatively argues that the jurisdictional threshold for the amount in controversy is met and was apparent from the face of the Complaint. (Dkt. 15 at 5 ("[T]he record clearly reflects that Defendant had sufficient information to plausibly allege satisfaction of the jurisdictional threshold . . . ."); id. at 9 ("Plaintiff emphasizes to the Court Defendant had more than sufficient information at its disposal to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold.").)

## VI.
## ORDER

Consistent with the foregoing, Plaintiff's Motion to Remand is DENIED. (Dkt. 15.)  The Court will also issue a separate scheduling order. (Dkt. 17.)

IT IS SO ORDERED.

DATED:  October 15, 2025

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE